IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------x
                                                         :
A/S DAN-BUNKERING LTD.                                   :
                                                         :
        Plaintiff,                                       :
                                                         :
v.                                                       :   CIVIL ACTION NO. 4:15-cv-00396
                                                         :
M/V KACEY (IMO No. 9420277)                              :   ADMIRALTY
her Engines, tackle,                                     :
appurtenances, etc., *in rem*,                           :
        Defendant.                                       :
                                                         :
---------------------------------------------------------x

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, A/S DAN-BUNKERING LTD. (hereinafter "Dan-Bunkering" or Plaintiff), by its attorneys, and complaining *in rem* against Defendant M/V KACEY (IMO No. 9420277), her engines, machinery, tackle, apparel, furniture, equipment, rigging, freights, and all other necessary appurtenances thereto, to enforce a maritime lien for "necessaries" against the Vessel, and alleges as follows:

### JURISDICTION AND VENUE

1.      Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b).

2.      This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and

1

special relief provided in Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims of the Federal Rules of Civil Procedure for the arrest of Defendant Vessel.

3. Jurisdiction is founded on the presence within the District of the M/V KACEY, which may be arrested in accordance with the provisions of Rule C, as pled below.

## THE PARTIES

4. At all times material hereto, Plaintiff, Dan-Bunkering, was and still is a foreign corporation duly organized and existing pursuant to the laws of Denmark, with an office at Middelfart, Denmark.

5. Defendant, M/V KACEY, her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto (hereinafter referred to as "Vessel"), IMO No. 9420277, is an ocean-going bulk carrier registered under the laws of the Marshall Islands, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court.

## FACTS

6. Dan-Bunkering was the supplier of bunkers to the M/V KACEY pursuant to a maritime contract, and brings this action in order to recover amounts indisputably due and owing by Defendant.

7. On or about January 21, 2015, Plaintiff Dan-Bunkering, entered into an agreement with Daebo International Shipping Co., Ltd. ("Daebo"), on behalf of the M/V KACEY and/or its Master, and/or owners, and/or managers and/or operators and/or Daebo, to provide 100-200 metric tons of bunker fuel (at a rate of USD 320.00 per metric ton) and 40-100 metric tons of gas oil (at a rate of USD 690.00 per metric ton), for delivery to the Vessel at Houston, initially estimated between January 27 and 30, 2015. *A copy of* Dan-Bunkering's Order Confirmation *is attached hereto as Exhibit 1.*

8. The aforementioned order confirmation contract for bunkers is a maritime contract.

9. Under the parties' agreement, which was expressly subject to Dan-Bunkering's General Terms and Conditions for the Sale and Delivery of Bunker Oil ("Terms and Conditions") *(see Exhibit 1 at p. 2)*, payment was required to be made under the terms set forth in the Terms and Conditions. *A copy of the Terms and Conditions is attached hereto as Exhibit 2.*

10. On February 3, 2015, Dan-Bunkering arranged, through local physical suppliers in Houston, for 170.000 metric tons of bunker fuel oil and 80.000 metric tons of gas oil to be delivered to the Vessel at the port of Houston, as set out in the bunker delivery note and marine fuel delivery note *(attached hereto in globo as Exhibit 3).* The bunker delivery note and marine fuel delivery note are signed on behalf of the M/V KACEY, and bear the Seal of the Vessel. *See Exhibit 3*.

11. On February 11, 2015, Plaintiff issued its Invoice No. 320689 to the "M/V KACEY and/or master, and/or owners, charterers and/or managers and/or operators and/or Daebo" for the amount owed of USD 120,663.19. The invoice specified a payment due date of February 11, 2015 at the latest, with the contractual interest rate for the late payment of 3.0% per month. *A copy of the Invoice is attached hereto as Exhibit 4.* The due date for payment of the invoice was accelerated by Dan-Bunkering after learning that Daebo became bankrupt or insolvent. Clause 7.8 of the Terms and Conditions (Exhibit 2) provides in pertinent part, as follows:

> 7.8  Notwithstanding any agreement to the contrary, payment will be due immediately and the Seller shall be entitled to cancel all outstanding stems and/or withhold future deliveries in case of (i) bankruptcy, liquidation or suspension of payment or comparable situation of the Buyer . . . . or (v) in case of any other situation, which in the sole discretion of the Seller is deemed to adversely affect the financial position of the Buyer.

3

12. In breach of the agreement, Daebo and/or owner and/or managers and/or operators wrongfully failed, neglected or otherwise refused to pay the amount owed of USD 120,663.19 by February 11, 2015.

13. By signing the bunker delivery note and marine fuel delivery note, the Vessel's representative acted on behalf of the Vessel and her owners and/or managers and/or operators to procure bunkers, and thereby accepted them on behalf of the Vessel and her owners.

14. The said bunkers delivered to the M/V KACEY were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. Daebo, by virtue of its role as charterer of the M/V KACEY, was authorized to order necessaries for the account and on the credit of the Vessel.

15. The M/V KACEY, her charterers, owners, and managers received the benefit of the services provided by Plaintiff and are indebted to Plaintiff, Dan-Bunkering, and obligated to pay for the aforementioned goods and services.

16. Under Clauses 9 and 16 of the Terms and Conditions governing the contract for the sale of bunkers to the M/V KACEY *(see Exhibit 2),* Dan-Bunkering has the right to arrest the vessel and invoke the general maritime law of the United States in connection with this dispute. Accordingly, Plaintiff may seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under applicable U.S. law.

17. Furthermore, under Clause 2.1 of the Terms and Conditions governing the contract for the sale and delivery of bunkers to the M/V KACEY, the term "Buyer" is defined to include "the vessel, her master, owners, operators, charterers, [and] any party benefitting from consuming the Bunker Oil." *See Exhibit 2 at p. 1*.

9. Clause 9.1 of the Terms and Conditions provides, in relevant part, as follows:

> 9.1 The Bunker Oil supplied to the Vessel is sold and delivered on the credit of the Vessel, as well as on the promise of the Buyer to pay therefore, and the Buyer agrees and warrants that the Seller shall have and may assert a

4

> maritime lien against the Vessel and may take such other action or procedure against the Vessel and any other vessel or asset beneficially owned or controlled by the Buyer, for the amount due for the Bunker Oil and the delivery thereof. The Seller is entitled to rely on any provisions of law of the flag of state of the Vessel, the place of delivery or where the Vessel is found and shall, among other things, enjoy full benefit of local rules granting the Seller [a] maritime lien in the Vessel and/or providing for the right to arrest the Vessel. Nothing in this Bunker Contract shall be construed to limit the rights or legal remedies that the Seller may enjoy against the Vessel or the Buyer in any jurisdiction.

*See* Exhibit 2, p. 5.

18. As a result of the foregoing, Dan-Bunkering has a maritime lien on the M/V KACEY for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims.

19. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services

20. At present, despite demand for payment of same, the total amount due and owing to Dan-Bunkering by Defendant is an amount not less than USD 120,663.19, plus contractual interest and costs.

21. Pursuant to Clause 7.6 of the Terms and Conditions *(see Exhibit 2. at p. 4)*, incorporated by reference into the bunker order confirmation agreed by Daebo *(see Exhibit 1)*, any delay in payment of the full sum due entitles Dan-Bunkering to interest at the rate of three (3) percent per month.

22. Additionally, Clause 15.1 of Dan-Bunkering's Terms and Conditions *(see Exhibit 2 at p. 4)*, incorporated by reference into the bunker order confirmation agreed by Daebo *(see Exhibit 1 at p, 7)*. provides that:

> 15.1 The Buyer agrees to pay any and all expenses, legal fees and court costs incurred by the Seller (i) to collect and obtain payment of any amount due to the Seller, including but not limited to legal fees and court costs associated with enforcing a maritime lien, attachment, right of arrest, or other available remedy in law, equity or otherwise; and (ii) to recover any damages or losses suffered by the Seller as a result of any Breach by the Buyer of any provision of the Bunker Contract.

HO KCS01 853193 v1
2900429-000013

23. To date, Dan-Bunkering has incurred legal fees in the approximate sum of USD 7,500.00. Legal fees continue to accrue.

24. To date, Defendants have neglected, failed, or otherwise refused to pay the outstanding aggregate sum of USD 128,163.19, plus interest and costs, which is indisputably due and owing for the bunkers under the relevant bunker supply contract.

## ALLEGATIONS IN SUPPORT OF RULE C ARREST

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "24" and incorporates those allegations herein.

26. As a result of Defendant's failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the parties' agreement, Plaintiff's claim for the amount of USD 128,163.19, plus interest and costs, attaches as a maritime lien on the said Vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem.*

27. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims.

28. WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the Defendant, citing it to appear and answer under oath all and singular, the matters, alleged in the Verified Complaint;

B. That a warrant for the arrest of the M/V KACEY be issued and that the vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against defendant M/V KACEY, her engines, machinery, tackle, apparel, furniture, equipment, rigging, freights, and all other necessary appurtenances thereto., *in rem;*

C. That after due proceedings, judgment be entered in favor of Plaintiff and against the Defendant M/V KACEY *in rem,* for the amount of USD 128,163.19, pled herein, as well as

HO KCS01 853193 v1
2900429-000013

for contractual pre-judgment interest, post-judgment interest, costs, attorney fees, and disbursements for this action;

D. That the M/V KACEY, her engines, machinery, tackle, apparel, furniture, equipment, rigging, freights, and all other necessary appurtenances thereto, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

E. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated:  February 12, 2015
        Houston, TX

**A/S DAN-BUNKERING LTD.**

**BY: BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

BY: */s/ Eddy De Los Santos*
Eddy De Los Santos
Federal Bar No. 602417
Texas Bar No. 24040790
edelossantos@bakerdonelson.com
Katriel C. Statman
Federal Bar No.: 2513924
Texas Bar No. 24093197
kstatman@bakerdonelson.com
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone:  713-650-9700
Facsimile:   713-650-9701

OF COUNSEL:

CHRISTOPHER O. DAVIS (LBN 4722)
DAWEI ZHANG (LBN 20037)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Telecopier: (504) 636-4000
codavis@bakerdonelson.com
dzhang@bakerdonelson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
ADMIRALTY

---------------------------------------------------------x
                                                     :

A/S DAN-BUNKERING LTD.       :

      Plaintiff,              :

v.                                           :     CIVIL ACTION NO. 4:15-cv-00396

M/V KACEY (IMO No. 9420277)   :
her Engines, tackle,
appurtenances, etc., *in rem*,      :
      Defendant.           :
---------------------------------------------------------x

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, 1, Finn Hansen, declare under the penalty of perjury;

1.  1 am a representative and Group Legal Counsel of A/S DAN-BUNKERING LTD. and authorized to act on the company's behalf.

2.  I have read the foregoing Verified Complaint and know the contents thereof; and

3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  February 12, 2015
         Middelfart, Denmark

Respectfully submitted,

By: _____
Finn Hansen
Group Legal Director
A/S DAN-BUNKERING LTD.